ROSALIE HORN and Others, Appellants, v. HEDE VASEN, Respondent.

First Department, April 17, 1942.

*Albert W. Meisel,* for the appellants.

*Adolf Hamburger* of counsel [*Edward S. Friedland* with him on the brief], for the respondent.

TOWNLEY, J. The complaint herein alleges that Hugo Vasen, a German citizen, died in Germany in 1932, leaving the respondent, his widow, and two sisters, a niece, and a brother, since deceased, the appellants.

Prior to his death he executed three holographic wills at different times, which wills are valid under German law. In 1926, by the first of these wills, he named the appellants as his testamentary heirs and gave his wife the use of a certain part of his estate, the exact amount of which was to be fixed in another testamentary writing. His second testamentary writing specified the distributive shares of his heirs and gave his wife 300,000 reichsmark. In 1932 he executed the third writing in which he appointed his wife and his brother, Philip Vasen, now deceased, his executors. These writings did not revoke but supplemented each other.

He had in his lifetime deposited most of his property in Switzerland for safekeeping where it remained until after his death. Following his death his widow took possession of the Swiss assets and other property of the estate and brought them to New York State.

The complaint further, by appropriate allegations as to the German law, shows that the succession of the deceased was determined by the law of Germany; that title to his property vested immediately at death in his heirs, the appellants herein; that any person taking possession of property belonging to the estate before the heirs obtain actual possession must account to them for such property and furnish full information concerning the same; that in general executors are not necessary, that in no event do they acquire title to the property of a deceased, and that legatees are mere creditors of the estate. The respondent widow is the sole surviving executor. The property held by her in this jurisdiction is said to be of the value of 1,798,000 Swiss francs, at least, without considering certain other movable assets. The second holographic will is asserted to be in the possession of the widow also in this jurisdiction.

The appellants as testamentary heirs of the decedent brought this action to compel an accounting by the widow of these assets in her possession. The plaintiffs are clearly entitled to such accounting both under the laws of Germany and of this State.

The Supreme Court has acquired personal jurisdiction of all the parties and has power to enforce its judgment against property within this State. An adjudication of the questions presented in this action would involve no interference with any judgment of the courts of Germany or with any proceeding pending there. Nothing has been done there but the filing of the third will which merely appointed executors, none of whom has ever qualified. The sole surviving executor, the respondent herein, and the assets of the estate are now in the jurisdiction of this court and may be reached only by its process. The rights of the parties are clearly determinable here in this forum and cannot well be fixed anywhere else. It would be a miscarriage of justice to refuse adjudication to this claim under the circumstances.

The order and judgment should be reversed, with costs, and the motion denied, with leave to the defendant to answer within ten days after service of order, on payment of said costs.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment and order unanimously reversed, with costs, and the motion denied, with leave to the defendant to answer within ten days after service of order, on payment of said costs.